NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YUBAO WANG; NAITONG JIANG;
YINGZE MENG,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  16-70769

Agency Nos.   A205-776-260
A205-776-261
A205-776-262

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 18, 2022**
Las Vegas, Nevada

Before:  KLEINFELD, D.M. FISHER,*** and BENNETT, Circuit Judges.

Petitioners Yubao Wang, Naitong Jiang, and Yingze Meng, are a family of

natives and citizens of the People's Republic of China.  Wang, the lead respondent

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable D. Michael Fisher, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

before the agency, submitted an asylum application that included his spouse, Jiang, and his stepson, Meng, as dependents. They challenge the decision by the Board of Immigration Appeals ("BIA") to dismiss their appeal of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1] We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

Petitioners argue that the IJ erred in finding that their testimony lacked credibility and that the BIA erred in upholding the finding. "[W]e review adverse credibility determinations under the substantial evidence standard." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). As Petitioners' asylum application was filed after May 11, 2005, the REAL ID Act standards governing adverse credibility decisions control. *Id.* at 1039–40. Under the REAL ID Act, an IJ, "[c]onsidering the totality of the circumstances, and all relevant factors," may base a credibility determination on an applicant's "demeanor, candor, or responsiveness," the "inherent plausibility of the applicant's . . . account," "the consistency between the applicant's . . . written and oral statements," and "the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii).

---

[1] Petitioners have waived their CAT claim by failing to raise it in their opening brief. *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc).

Petitioners contest the IJ's statement that "the tenor of the [Petitioners'] declaration . . . suggests that [it] was created or edited by a person with an eye toward assisting the respondents in obtaining asylum in the United States." Because the Petitioners did not disclose a preparer, the IJ found the preparation of the application "casts doubt upon the bona fides of the past persecution claim and the veracity of the testimony." Though the BIA found no clear error in the IJ's credibility determination, the BIA did not adopt the IJ's decision and did not rely on this specific finding in upholding the IJ's credibility determination. Thus, we may not rely on this finding. *He v. Ashcroft*, 328 F.3d 593, 595–96 (9th Cir. 2003). But the record contains substantial additional evidence (relied on by both the IJ and the BIA) to support the adverse credibility determination.

First, the BIA deferred to the IJ's "first-hand assessment of the respondents' demeanor," which is entitled "special deference." *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999). "[T]he important elements of a witness's demeanor that 'may convince the observing trial judge that the witness is testifying truthfully or falsely' are 'entirely unavailable to a reader of the transcript, such as the [BIA] or the Court of Appeals.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1154 (9th Cir. 2014) (quoting *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir. 2003)). The IJ's finding that Wang's "rote . . . testimony did not inspire confidence that he was recalling actual events, rather than reciting a declaration

that had been memorized," is thus "important" evidence to be considered in the credibility determination.

Next, the BIA found inconsistent testimony and documentary evidence regarding the Petitioners' alleged beatings and injuries. The BIA incorporated the IJ's analysis on this point, including the IJ's decision to "declin[e] to credit the [Petitioners'] purported explanations for the discrepancies between their testimony and documents." The IJ found that the Petitioners themselves "dismissed the reliability" of the corroborative evidence they submitted "by claiming that it was created by medical examiners or government officials who wanted to minimize the mistreatment they had experienced from the [Chinese] [g]overnment." The IJ found their claims of physical mistreatment were therefore "necessarily uncorroborated." Though the Petitioners point to details in the medical record that arguably document "severe assaults," the IJ's finding that the reports are unreliable and thus do not corroborate the Petitioners' testimony is supported by substantial evidence.

Finally, the BIA found some of the Petitioners' testimony "inherently implausible." First, the BIA, like the IJ, found it implausible that if the Petitioners intended to hide from the government authorities because they feared persecution, they would *return* to Nanjing upon learning the government discovered their location in Hainan, get married, and publicly register the marriage with the

4

government.  Petitioners allege that they "[took] that risk" because they believed they had "to get the marriage done . . . before [they] could come to America."  And the IJ reasonably found that because the Petitioners lived publicly in Nanjing for six months without experiencing any harm, "the authorities had no interest in them."  The BIA also agreed with the IJ that Wang "further undermined his credibility by testifying that he was still considering filing a whistleblower complaint" two years after arriving in the United States.  Given Jiang's testimony that the Petitioners had not yet filed a report or complaint, the BIA and IJ correctly found their allegation of past persecution in part for being a whistleblower lacks credibility.

For these reasons, the BIA and IJ reasonably concluded that Wang and Jiang were not credible, and the record does not compel a contrary result.  *See Sharma v. Holder*, 633 F.3d 865, 870 (9th Cir. 2011).

**PETITION DENIED.**